UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>v.<br><br>LOT THIRTY-FIVE, IN BLOCK ONE<br>OF THE LANDING AT GREATWOOD<br>SECTION ONE, FORT BEND COUNTY,<br>　　　　　　　　Defendant. | §<br>§<br>§　　CIVIL NO.<br>§<br>§<br>§<br>§<br>§ |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against the above-captioned defendant real property, which is further described below.  The United States alleges on information and belief as follows:

JURISDICTION AND VENUE

1.　This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The defendant property is located in the Southern District of Texas and is within the jurisdiction of this Court.

2.　Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395.

THE DEFENDANT PROPERTY

3.　The Defendant Property is real property in Sugar Land, Texas, together with all improvements, buildings, structures and appurtenances, which is legally

described as follows:

> Lot Thirty-five (35), in Block One (1) of THE LANDING AT GREATWOOD SECTION ONE (1), an addition in Fort Bend County, Texas, according to the map or plat thereof recorded in Slide No. 1381/A and 1381/B of the Plat Records of Fort Bend County, Texas.

The record owners of the Defendant Property are a medical doctor and his wife.

## STATUTORY BASIS FOR FORFEITURE

4. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of money and other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

5. It is unlawful, pursuant to 21 U.S.C. § 841(a)(1), for any person to knowingly and intentionally distribute or dispense a controlled substance except as authorized by law. A medical doctor violates this statute when he or she knowingly and intentionally distributes or dispenses a controlled substance for no legitimate medical purpose and not in the usual course of his or her professional medical practice. Agreements between two or more persons to unlawfully distribute or dispense controlled substances is prohibited by 21 U.S.C. § 856(a)(1).

6. The Defendant Property is subject to forfeiture because it is traceable

to cash furnished in exchange for a controlled substance in violation of the Controlled Substances Act.

7. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property." The felonious sale of controlled substances constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D). Conducting a financial transaction involving more than $10,000 in proceeds of specified unlawful activity is money laundering in violation of 18 U.S.C. § 1957.

8. Therefore, the Defendant Property is also subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as real property involved in money laundering in violation of 18 U.S.C. § 1957.

## FACTS

9. The United States alleges that various individuals have been conspiring and operating Continuous Medical Care and Rehabilitation ("Continuous") in Houston, Texas, as a "pill mill" clinic that is participating in the diversion of controlled substances, including hydrocodone, oxycodone, and carisoprodol. Generally, many pill mill patients are homeless or impoverished individuals who are recruited and driven to the clinic by "crew leaders," who pay them (in cash or drugs)

in exchange for posing as chronic pain patients and obtaining prescriptions for controlled substances. The crew leaders provide the cash to pay for the prescriptions and obtain the controlled substances from the prescriptions.

10. The United States alleges that from in or around 2017 to the present, the physician at Continuous (the "Prescribing Doctor") has been writing prescriptions without a legitimate medical purpose and outside the scope of professional practice. Continuous accepts cash only and charges the supposed patients—prior to their seeing the Prescribing Doctor—a cash amount based on what prescription drugs they want a prescription for.

11. In exchange for his services writing prescriptions in violation of 21 U.S.C. § 841(a)(1), the Prescribing Doctor is paid a salary by the clinic operators. The clinic operators deposit many of the Continuous cash payments into a bank account and then pay the Prescribing Doctor by check. The Prescribing Doctor generally deposits the checks into a bank account at JP Morgan Chase ("Bank Account One"). The United States alleges that the Prescribing Doctor's salary constitutes or is derived from the cash payments, which are criminal proceeds.

12. From February 2017 through March 2018, the Prescribing Doctor deposited more than $300,000 in criminal proceeds from Continuous into his Bank Account One. The Prescribing Doctor also has a second account ("Bank Account Two") that is funded almost entirely with transfers from Bank Account One.

13. On or about March 6, 2018, the Prescribing Doctor transferred $130,000 from Bank Account One to Bank Account Two. On or about March 7, 2018, the Prescribing Doctor wired $122,843.51 from Bank Account Two to a title company as a down payment for the purchase of the Defendant Property. The United States alleges the purchase transaction was a financial transaction involving more than $10,000 of criminal proceeds, in violation of 18 U.S.C. § 1957.

14. The United States alleges that the Defendant Property is subject to forfeiture as constituting or traceable to funds used or exchanged for a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and as property involved in money laundering in violation of 18 U.S.C. § 1957.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Fed. R.Civ.P. 12 must be filed no later than 21

days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

The United States will serve notice, along with a copy of the Complaint, on the property owners and on any other persons who reasonably appear to be potential claimants.

## RELIEF REQUESTED

The United States seeks a final judgment, pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A), forfeiting the Defendant Property to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

 s/Abe Martinez
Abe Martinez
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, TX 77002
(713) 567-9349 (office)
abe.martinez@usdoj.gov

## VERIFICATION

I, Gerrit Wolfhagen, am a Task Force Officer employed by the Conroe Police Department and assigned to the Drug Enforcement Administration, Houston Division Office, Tactical Diversion Squad. I declare under the penalty of perjury, as provided by 28 U.S.C. §1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 and 8 through 13 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the __29__ day of January 2019.

_____
Gerrit Wolfhagen, Task Force Officer
Drug Enforcement Administration